UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:05CV-146-R

INTERNAL REVENUE SERVICE                                              PLAINTIFF

v.

JAMES V. WELLS, et al.                                               DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Defendant South Central Bank of Barren County, Inc.'s

(South Central Bank) Motion for Partial Summary Judgment against the Defendants, Horace D.

Pegram and Kathy D. Pegram (the Pegrams) (Docket #21).[1]  The Pegrams failed to respond.  On

February 26, 2006, this Court entered an order allowing any party to the case to file a response to

this motion within ten days from entry of the order (Docket #26).  No responses were filed.  This

matter is now ripe for adjudication.  For the reasons that follow South Central Bank's Motion for

Partial Summary Judgment against the Pegrams is GRANTED.

## BACKGROUND

On April 24, 1992, the Pegrams, Gwendolyn Wells, James V. Wells, Delton Lee Brantley,

Doris Wells Brantley, James David Wells, and Sherry P. Wells received, executed, signed, and

delivered to South Central Bank a Simple Interest Note and Security Agreement (Loan #408695362)

in the face amount of $314,557.32.  The loan was to bear interest at the fixed annual rate of nine

percent.  The loan was due and payable in annual payments of $39,023.63 beginning April 24, 1993,

---

[1]  Although South Central titles its motion as a Motion for Summary Judgment, the
motion fails to address South Central's claims concerning attorney's fees.  Therefore, this Court
will not rule on that issue at this time and will only address the issue of the priority of liens.

with all unpaid interest and principal due at maturity on April 24, 1995.  Security for the note is a

real estate mortgage dated April 24, 1992, which conveyed a security interest in and to the real estate

located at Cox Taylor Road, Greensburg, Green County, Kentucky.[2]  The mortgage was recorded

---

[2]  The property is more particularly described as follows:

BEGINNING at a sycamore on the bank of Green River at the mount of a branch corner to Loy
Brother's Farms; thence with Loy's line S 42 deg 06' W 534-C ft to a corner post; thence S 43
deg 12' W 405-6 ft to a corner post; thence S 25 deg 24' W 151-8 ft to a walnut; thence N 64 deg
25' W 1448 feet to a corner post; thence S 34 deg 13' W 1756-1 ft to a poplar corner to Haywood
Mitchell; thence with the line of Mitchell N 63 deg 19' W 72505 ft to a corner stone to Glenn
Atwell; thence with the line of Atwell N 03 deg 14' E 3019-7 ft to a post; thence S 79 deg.  42' W
1002 ft to corner post at a road; thence with the road S 14 deg 19' W 635-4 ft to a corner post to
Lewis Judd; thence with Judd's line N 67 deg 29' W 792-8 ft to a corner post in the line of Glenn
Atwell; thence with Atwell and Brooks Edwards line N 12 deg 53' E 1171-5 ft to a corner post;
thence with Edwards line N 40 deg 20' W 1799-4 ft to a post at a road; thence with the road N 02
deg 02' E 37-7 ft to a corner post; thence N 40 deg 06' W 136-5 ft to a post; thence N 29 deg 42'
E 577-4 ft to a post; thence still with road N 12 deg 40' E 1489-3 ft to a post; thence N 13 deg 55'
E 365-8 ft to a post; thence N 42 deg 51' E 816-8 ft to a corner post at a road intersection; thence
with said road S 48 deg 46' E 2841-4 ft to a post; thence leaving said road with the lines at Kelly
N 35 deg 15' E 1790 ft to a corner post; thence N 52 deg 39' E 182-4 ft to a gum in a branch;
thence N 23 deg 35' E 530-2 ft to a corner post; thence S 59 deg 25' W 1025-5 ft to a corner post;
thence N 68 deg 01' W 863-2 ft to corner post to Blackne; thence with the lines of Blackne N 21
deg 34' W 206 ft to a corner post; thence N 61 deg 40' E 329-1 ft to a corner post; thence N 02
deg 58'E 891-4 ft to an elm corner to Darhell; thence with the line of Darhell and Milby N 39
deg 17' E 1489-3 ft to a corner post; thence N 55 deg 09' W 552-2 ft to a dogwood corner; thence
N 25 deg 13' E 1419-2 ft to a sycamore on the bank of Green River; thence down the River with
its meanders S 70 deg 45' E 1658 ft; thence S 40 deg 37' E 594 ft; thence S 19 deg 00' E 393 ft;
thence S 08 deg 00' E 528 ft; thence S 03 deg 30' W 313-5 ft; thence S 00 deg. 30 E 990 ft;
thence S 04 deg 30' W 2706 ft; thence S 06 deg 59' W 3518 ft; thence S 15 deg 45' E 1405 ft to
the point of beginning.  Containing 1034-33 acres, more or less.

There is reserved from the above described property the following two reservations:

1.      There is reserved one (1) acre including the graveyard, extending from the road back to
the fence now standing back of said graveyard, together with the right of passway to and from
same.  This reservation being of record in Deed Book 135, page 86, Office Green County Clerk,
Greensburg, Kentucky.

2.      There is reserved and not conveyed from the above mentioned lands all of the lands that
are fenced in around Dr. S. J. Simmons' grave, and a passageway from the public road to said

April 25, 1992, and is of record in Mortgage Book 118, Page 321, Office Green County Clerk.

On May 8, 1992, South Central Bank recorded its Subordination Agreement, subordinating

the April 24, 1992, mortgage.  The agreement was recorded May 9, 1992, and is of record in

Mortgage Book 118, Page 446, Office Green County Clerk.

On June 28, 1994, the parties to the 1992 mortgage received, executed, signed, and delivered

to South Central Bank their Simple Interest Note and Security Agreement (Loan #408695361) in

---

grave.  The grave lot herein mentioned and reserved is 42 feet wide and 80 feet long.  This
reservation being of record in Deed Book 136, page 544, Office Green County Clerk,
Greensburg, Kentucky.

Being the same property conveyed to H. D. Pegram and his wife, Kathy D. Pegram; Gwendolyn
B. Wells and her husband, James V. Wells; Delton Lee Brantley and his wife, Doris Wells
Brantley; James David Wells and his wife, Sherry P. Wells; by deed from Diversified Quantities,
Inc., a Kentucky corporation, dated April 24, 1992, recorded in Deed Book 168, Page 246,
Office Green County Clerk, Greensburg, Kentucky.

IT IS UNDERSTOOD AND AGREED between the parties that the interest conveyed is
as follows:

1.    A one-half undivided interest to H. D. Pegram and his wife, Kathy D. Pegram, jointly and
      equally, for and during their joint, natural lives, with remainder to the survivor of them,
      their heirs and assigns of such survivor forever.

2.    A one-sixth undivided interest to Gwendolyn B. Wells and her husband, James V. Wells,
      jointly and equally, for and during their joint, natural lives, with remainder to the
      survivor of them, their heirs and assigns of such survivor forever.

3.    A one-sixth undivided interest to Delton Lee Brantley and his wife, Doris Wells
      Brantley, jointly and equally, for and during their joint, natural lives, with remainder to
      the survivor of them, their heirs and assigns of such survivor forever.

4.    A one-sixth undivided interest to James David Wells and his wife, Sherry P. Wells,
      jointly and equally, for and during their joint, natural lives, with remainder to the
      survivor of them, their heirs and assigns of such survivor forever.

the face amount of $235,000.  The loan was to bear interest at the initial variable rate of 9.25%.[3]

The loan was due and payable with all unpaid interest and principal due at maturity on April 24,

1995.  Security for the note is the real estate mortgage dated April 24, 1992.

On June 23, 2005, Horace D. Pegram executed, signed, and delivered to South Central Bank

an Extension and Modification Agreement, showing that the principal and interest on both loans

were now due on June 24, 2006.

This case was filed on September 21, 2005, by the government to foreclose its federal tax

liens against the real property owned by James V. Wells and the Pegrams.  Notice of federal tax

liens, reflecting the tax liabilities of James V. Wells for 1988, 1989, 1990, and 1991, were filed with

the Recorder of Deeds in Green County, Kentucky on November 24, 1993.  South Central Bank filed

its Answer, Counterclaim, and Cross-claim on January 9, 2006.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish

that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is

entitled to judgment as a matter of law."  In determining whether summary judgment is appropriate,

a court must resolve all ambiguities and draw all reasonable inferences against the moving party.

*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."

*Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party

---

[3] The variable rate is determined by adding two percentage points to the highest New York prime as quoted in the money market section of The Wall Street Journal.

bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

South Central Bank contends that it is entitled to judgment as a matter of law, that its debt and mortgage against the pledged real estate and improvements is a first, prior, and superior lien, subject only to real estate taxes and the costs of this action. The security for the loans provided to James V. Wells and the Pegrams is a real estate mortgage dated April 24, 1992, conveying a security interest in and to the real estate located at Cox Taylor Road, Greensburg, Green County, Kentucky. This mortgage was recorded on April 25, 1992. The federal tax lien was filed with the Recorder of Deeds in Green County, Kentucky on November 24, 1993.

Where a federal tax lien is involved, the relative priority of competing liens is governed by

federal law.  *Hensley v. Harbin*, 196 F.3d 613, 615 (6th Cir. 1999).  In determining the priority of

such competing liens, federal common law prescribes that "the first in time is the first in right."  *Id.*

(quoting *United States v. City of New Britain*, 347 U.S. 81, 85 (1954)).  "'First' is defined as

'perfected in the sense that there is nothing more to be done to have a choate lien -- when the

identity of the lienor, the property subject to the lien, and the amount of the lien are established.'"

*Id.* (quoting *New Britain*, 347 U.S. at 85).

       The real estate mortgage identified the lienor, the property subject to the lien, and also the

amount of the lien on the date that it was recorded.  Hence the lien was perfected on April 25, 1996.

*See id.*  As the federal tax lien was not filed with the Recorder of Deeds until November 24, 1993,

the real estate mortgage has priority over the federal tax lien.  *See id.*

## CONCLUSION

       For the foregoing reasons, South Central Bank's Motion for Partial Summary Judgment

against the Pegrams is GRANTED.

       An appropriate order shall issue.